**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 03-CR-80833-DT

DONYAL WESLEY,

    Defendant.
                                              /

**ORDER DENYING DEFENDANT'S "MOTION TO DISMISS COUNTS II AND III OF FIRST SUPERCEDING INDICTMENT"**

On September 27, 2005, the government filed a superceding indictment adding to the original count (attempted bank robbery, 28 U.S.C. §2113(a)) two counts of solicitation to commit bank robbery contrary to 18 U.S.C. §373(a). Before the court is Defendant's motion to dismiss the added counts II and III, filed November 1, 2005 [Dkt. # 41]. In his motion, Defendant alleges that the government acted vindictively, seeking the superceding indictment in response to Defendant's decision to reject a proffered plea agreement and to proceed to trial. (Def.'s Mot. at ¶ 5 ("Only after plea negotiations with the government broke down amidst substantial disagreement . . . a First Superceding Indictment was filed adding additional [sic] charges against Wesley.").) Defendant alleges that the government has "raised the stakes" in response to Defendant's "demands for a lenient plea." (*Id.* at ¶ 8). Defendant notes that the superceding indictment was filed following a successful appeal (*id.*), he does not, however, argue that the prosecutorial action was because of the appeal. He argues, instead, that a presumption of vindictiveness arises due to the Defendant's insistence

that if he could not be sentenced to time already served he would demand a trial.  In his brief, Defendant emphasizes that the charges were in "response to Defendant's post-appeal show of strength" in plea negotiations.  (Def.'s Mot. Br. at 4.)

On November 21, 2005, the government responded in opposition to the motion, arguing that Defendant "has failed to demonstrate an objective and realistic likelihood of vindictiveness by the prosecutor in this case" and that the government "had an objectively reasonable basis for adding charges to the indictment."  (Gov't's Resp. at 8, 12.)

The Sixth Circuit has held that in order to show vindictive prosecution there must be (1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; and presumably, (4) the intent to punish the defendant for exercise of the protected right.  See Nat'l Eng'g & Contracting Co. v. Herman, 181 F.3d 715, 722 (6th Cir. 1999).  Proof of the first three elements may help in establishing the fourth, i.e., that there is a "realistic likelihood of vindictiveness," which the government would then be required to rebut.  See Bragan v. Poindexter, 249 F.3d 476, 481-82 (6th Cir. 2001).  Prosecutorial vindictiveness can potentially be found in the pre-trial addition of charges following pre-trial assertions of protected rights. United States v. Andrews, 633 F.2d 449, 454 (6th Cir. 1980).

If the charges are brought, however, simply as the result of failure of the plea bargaining process, they are not vindictive.  Id. at 456 (following Bordenkircher v. Hayes, 434 U.S. 357, 363-365 (1978) (finding not vindictive a superseding indictment bringing additional charges, filed after a failure of plea bargaining)).  In United States v. DeJohn, 368 F.3d 533 (6th Cir. 2004), the defendant argued that an added charge of

felon-in-possession in a superceding indictment was the result of prosecutorial vindictiveness punishing him for rejecting a plea based on the original indictment (which charged a drug conspiracy) and stated his intent to demand a trial. More specifically, the *DeJohn* court held that the defendant's claim was "effectively foreclosed" by *Hayes:*

> "[T]he Supreme Court held in a similar situation that 'in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.' *Hayes*, 434 U.S. at 363. This circuit has consistently indicated that when the right asserted by the defendant is simply the right to go to trial, an additional charge entered after a failed plea bargain cannot, after *Hayes,* form the substance of a viable vindictive prosecution claim.

*DeJohn*, 368 F.3d at 545; *see also United States v. Walls,* 293 F.3d 959, 970 (6th Cir. 2002) ("When the pretrial addition of more serious charges results merely from the failure of the plea bargaining process, it is not vindictive prosecution."); *United States v. Suarez,* 263 F.3d 468, 479-80 (6th Cir. 2001) ("Although the right to a trial by a jury of one's peers is a highly protected right, asserting this right by rejecting a plea bargain is not enough to provide evidence of an improper motive on the part of the prosecution.")

The *DeJohn* court concluded its discussion of DeJohn's vindictiveness argument very simply, stating, "This claim fails." *DeJohn*, 368 F.3d at 545. Defendant Wesley's claim in this case is likewise unavailing.

IT IS ORDERED that Defendant's motion to dismiss counts III and III of the first superceding indictment [Dkt. #41] is DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 28, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 28, 2005, by electronic and/or ordinary mail.

                                             S/Lisa Wagner  
                                             Case Manager and Deputy Clerk  
                                             (313) 234-5522